UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **STATE OF TEXAS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Miscellaneous Case No. 4:23-MC-01488 |
| | § | |
| **SHAQUEEL HANI ABDULLAH,** | § | |
| | § | |
| Defendant. | § | |

## ORDER OF DISMISSAL

Shaqueel Hani Abdullah (SPN #03181272) has filed an application for leave to proceed *in forma pauperis* along with a "Notice of Removal" (Dkt. No. 1), which references two criminal cases lodged against him by the State of Texas in the 177th District Court for Harris County, Texas. Court records from Harris County show that in Case No. 180716301010 Abdullah has been charged with unauthorized use of a motor vehicle. In Case No. 180716401010 he has been charged with making a false statement to obtain credit. Felony indictments have been returned against him in each case. Abdullah seeks removal of these proceedings to federal court on the grounds that, as a "Moor Free Inhabitant" and "native Louisianian National," he is not a citizen of the United States and cannot be tried in state court.

Abdullah's contention that he cannot be tried for criminal offenses in state court fails because it is based on a meritless theory that has been discredited repeatedly. *See Bey v. State of Indiana*, 847 F.3d 559, 560–61 (7th Cir. 2017) (distinguishing tenets of the Moorish Science Temple of America from discredited theories asserted by so-called

Moors associated with the sovereign-citizen movement); *El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537, 539-51 (D.N.J. 2011) (declining to grant leave to proceed *in forma pauperis* in a case brought by adherents to a "Moorish Movement" related to sovereign citizenship); *Barthelemy-Bey v. Louisiana*, No. 19-cv-12671, 2019 WL 5430594, at *2 (E.D. La. Oct. 1, 2019) (describing the civil action brought by a Moorish prisoner as "frivolous because the claims are based on a 'sovereign citizen' theory, which is an indisputably meritless legal theory") (citations omitted); *Mason v. Anderson*, No. 4:15-cv-2952, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 8, 2016) (noting that "courts routinely dismiss sovereign citizen claims") (citing *Wirsche v. Bank of Am., N.A.*, No. 7:13-cv-528, 2013 WL 6564657, at *2 (S.D. Tex. Dec. 13, 2013) ("These teachings have never worked in a court of law – not a single time.") (citations omitted)).

    Abdullah fails to otherwise show that removal is proper.  A state court defendant may file a notice of removal of a criminal prosecution to federal court provided that the notice is accompanied by a signed statement pursuant to Rule 11 of the Federal Rules of Civil Procedure, which contains a "short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon the defendant or defendants in such action."  28 U.S.C. § 1455(a).  Abdullah has neither articulated valid grounds for removal nor provided the requisite documentation.

    Likewise, Abdullah does not demonstrate that state court procedures are inadequate to address his concerns or that intervention in his ongoing criminal proceedings is warranted.  *See Younger v. Harris*, 401 U.S. 37, 43–45, 91 S.Ct. 746, 750–51, 27 L.Ed.2d 669 (1971) (holding that federal courts cannot interfere in ongoing state

criminal proceedings unless extraordinary circumstances are present); *see also DeSpain v. Johnston*, 731 F.2d 1171, 1176 (1984) ("The state has a strong interest in enforcing its criminal laws.").

Accordingly, for the reasons set forth above, the application for leave to proceed *in forma pauperis* filed by Shaqueel Hani Abdullah (Dkt. No. 1) is **DENIED** and this miscellaneous case is **DISMISSED**.

It is SO ORDERED.

Signed on October 25, 2023.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**